**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4507**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CYNTHIA LEMON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  J. Michelle Childs, District Judge.
(3:14-cr-00760-JMC-4)

Submitted:  July 21, 2016          Decided:  July 25, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

John E. Duncan, Lexington, South Carolina, for Appellant.  John C.
Potterfield, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Lemon pled guilty, pursuant to a plea agreement, to conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (2012). The district court sentenced Lemon to 57 months' imprisonment and ordered her to pay restitution and forfeit property. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Lemon's sentence is reasonable. Lemon was advised of her right to file a supplemental brief, but she has not done so.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. Only after determining that a sentence is procedurally reasonable will we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence

2

that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript revealed no procedural sentencing errors, and we conclude that Lemon has not rebutted the presumption that her within-Guidelines sentence is substantively reasonable. Additionally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

We note, however, that the order of forfeiture is inaccurate. The restitution amount ordered at sentencing was $40,813.09, but the figure reported in the forfeiture order is $40,815.09. According to the court's findings at sentencing, the restitution amount is correct, and we therefore remand for correction of the forfeiture order.

This court requires that counsel inform Lemon, in writing, of her right to petition the Supreme Court of the United States for further review. If Lemon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Lemon.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED